### JONES v MAINS et

Ohio Appeals, 4th Dist, Highland Co

Decided June 1, 1935

Carrington T. Marshall, Columbus, and Ervin & O'Donnell, Columbus, for plaintiff in error.

Wilson & Wilson, Hillsboro, for defendant in error.

## OPINION

By BLOSSER, J.

There was an effort made on the part of the defendant to show that his endorsement was not genuine. However, this effort failed and counsel do not urge this proposition in his behalf in this error proceeding.

After the court orally announced its decision the defendant requested in writing separate findings of fact from its conclusions of law. This request was made two days after the trial of the case and two days after the court announced its decision. It is urged by counsel for the defendant in error that the request came too late and that the findings should be disregarded for that reason. We do not regard this proposition as well taken in view of all the circumstances and in view of the fact that the trial court complied with the request and made such finding. There was no abuse of discretion by the trial court.

The court among other things found:

"2. That the signature appearing on the back of said note purporting to be the signature of Robert J. Jones is and was then the genuine signature of Robert J. Jones.

3. That the endorsement of the words 'protest waived and payment guaranteed at maturity' was stamped on the back of said note prior to the signature of the defendant, Robert J. Jones.

As a matter of law the court states that in reaching the conclusions upon the third finding of fact he considered the burden of proof to be upon the defendant, Robert J. Jones, to prove by a preponderance of the evidence that said words were stamped upon the back of said note after the signature of the defendant, Robert J. Jones, was placed thereon."

Each of the parties excepted to the findings of the court and the defendant is seeking a reversal principally on the ground that the court erred in the third finding and the law applicable thereto.

A detailed review of the evidence is not necessary. We have read all of the record and agree with the conclusions of fact found by the trial court. Dr. Jones had pleaded that his signature was a forgery and it was proven to the satisfaction of the trial court and to the satisfaction of this court that his signature was genuine, and the record discloses that he admitted to Mr. Dunlap that the note was all right. He did not place himself in a favorable position by denying his signature. We are unable to say that the finding of the trial court to the effect that the signature of Dr. Jones was placed on the note after the endorsement was stamped thereon is against the weight of the evidence.

It is urged with a great deal of force that the trial court erred with reference to the law applicable to the case when he stated that in reaching the conclusions on the third finding of fact he considered the burden of proof to be upon the defendant, Robert J. Jones, to prove by a preponderance of the evidence that said words were stamped upon the back of said note after the signature of the defendant, Robert J. Jones, was placed thereon. It is urged by the defendant that the court improperly placed the burden on him and that this is reversible error. It is claimed that this rule violates the rule laid down in **Ginn v Dolan, 81 Oh St 121,** in which it is stated:

"Where in a suit upon a promissory note the defense is that the note was given or obtained without a valuable consideration, the plaintiff has the affirmative of the issue and the burden of proof rests upon him, at every stage of the case, to show a consideration for the note, by a preponderance of the whole of the evidence adduced on the trial."

The plaintiff asserts that the rule laid down by the Supreme Court has been changed by the negotiable instruments act. However, the negotiable instruments act was passed and became effective January 1, 1903, and the case of Ginn v Dolan was decided on November 9, 1909, but made no reference to the negotiable instruments act.

Counsel have attempted to distinguish the various cases cited, but where the facts are applicable the case of Ginn v Dolan applies as we have been unable to find where the Supreme Court has changed the rule there announced. As we view the facts and the finding of the trial court, however, we do not think that the decision in the case at bar is in conflict with the case of Ginn v Dolan. There is nothing in the finding of the trial court that indicates that he did not follow the correct rule in properly placing the burden. It was strenuously urged by counsel at the trial that the evidence of the witnesses proved that the endorsement of the words 'protest waived and payment guaranteed at maturity' was stamped upon the note after the signature of the defendant Jones. If this were true it would amount to an alteration of the instrument. Without the stamp being placed on the note Dr. Jones would have been liable on his contract as an endorser and entitled to certain rights. By placing the stamp above his signature after he had written his name it was clearly a change of his contract and therefore amounted to an alteration. It altered the effect of the instrument as well as his liability, and clearly comes within the last sentence of paragraph 5 of §8230 GC. This matter being brought into the case by the evidence and argument of counsel it was the duty of the trial court to consider that phase of the case in connection with the burden of proof.

The facts in this case fall within the rule announced in the case of **Bishop et v Deposit Banking Co., 35 Oh Ap 63,** which is as follows:

"Where holder of note endorsed in blank writes guaranty over endorsement, such writing constitutes 'material alteration' releasing endorser. (§8229, GC)."

The negotiable instruments act, §8229 GC, provides:

"When a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration and subsequent endorsement * * *."

The trial court was justified in his assertion that the burden of proof was on the defendant to prove the alteration above referred to. **1 O. Jur., 961.**

The rule is clearly laid down in Ohio in the case of **Franklin v Baker, Exr., 48 Oh St 296,** as follows:

"Where it is claimed by the defendant, in a suit upon a promissory note, or similar instrument, that the note has been altered since its execution, the burden is upon him to prove that it was so altered; the presumption being, in the absence of anything to the contrary, that any alteration appearing on the face of the paper was made at or before the time of its execution."

The general rule is laid down in 1 R.C.L. 1041 as follows:

"There seems to be no dissent from the rule that where no alteration is apparent on the face of the instrument the burden of proving that there has in fact been an alteration is on the party alleging it."

We have considered all of the assignments of error in connection with the whole record and find no prejudicial error.

The judgment of the trial court is affirmed.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.